United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| David Beck, | NO. C 05-02131 JW |
| Plaintiff, | **ORDER OF DISMISSAL PURSUANT TO FED. R. CIV. P. RULE 41(B)** |
| v. | |
| Commissioner of Social Security, et al., | |
| Defendants. | |

Plaintiff filed the Complaint in the above entitled matter on May 24, 2005. (See Docket Item No. 1.) On June 2, 2005, the court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (See Docket Items No. 1 & 2.) On October 17, 2005, Defendant filed an Answer to the Complaint in this matter.

Civil Local Rule 16-5 states: "Within 30 days of receipt of defendant's answer, plaintiff must file a motion for summary judgment pursuant to Civil L.R. 7-2 and F. R. Civ. P. 56." On June 12, 2006, Magistrate Judge Trumbull issued an Order to Show Cause (the "OSC") why the case should not be dismissed for failure to prosecute based on Plaintiff's failure to file a Motion for Summary Judgment or any other documents in the case after May 24, 2005. (See Docket Item No. 13.) The OSC set a deadline of June 30, 2006 for Plaintiff to file a declaration stating why this case should not be dismissed for failure to prosecute.

On August 1, 2006, Magistrate Judge Trumbull issued an Order that case be Reassigned to District Court Judge, and Recommendation that case be Dismissed for Failure to Prosecute. (See Docket Item No. 14.) The Clerk's office issued an Order Reassigning Case to this Court on August

1  3, 2006.  (See Docket Item No. 15.)  As of the date of the above orders and this Order, Plaintiff has
2  not filed any response to the OSC.  In addition, it appears that Plaintiff's counsel has failed to
3  registered for e-filing even though this case has been designated for e-filing.

4　　　　A district court has the authority to dismiss a case for lack of prosecution pursuant to its
5  inherent authority and Rule 41(b) of the Federal Rules of Civil Procedure.  See Link v. Wabash R.
6  Co., 370 U.S. 626 ( 1962).  Rule 41(b) recites in pertinent part that: "For failure of the plaintiff to
7  prosecute or to comply with these rules or any order of the court, a defendant may move for
8  dismissal of an action or of any claim against the defendant. . . . [A] dismissal under this subdivision
9  . . . operates as an adjudication upon the merits."  Fed. R. Civ. P. 41(b).  "This power is necessary to
10 prevent undue delay in the disposition of pending cases, docket congestion, and, the possibility of
11 harassment of a defendant."  Medeiros v. U.S., 621 F.2d 468, 470 (1st Cir. 1980).

12　　　　In determining whether to dismiss for lack of prosecution, generally the court considers: (1)
13 the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket,
14 (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their
15 merits, and (5) the availability of less drastic sanctions.  See Al- Torki v. Kaempen, 78 F.3d 1381,
16 1384 (9th Cir. 1996).  The court may dismiss a case sua sponte for lack of prosecution by the
17 plaintiff.  Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990).  Sua
18 sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether
19 or not there has been a "warning of imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d
20 272, 274 (9th Cir.1992).

21　　　　Applying the standards above to the lack of action taken by the Plaintiff since the filing of
22 this case more than a year ago, the Court adopts the recommendation of Magistrate Judge Trumbull.
23 The Court DISMISSES this case pursuant with Rule 41(b) of the Federal Rules of Civil Procedure.
24 The dismissal is with prejudice.

25

26 Dated: August 15, 2006　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES WARE
27　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

28　　　　　　　　　　　　　　　　　　　　　2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Odell Grooms Odell.Grooms@ssa.gov
Sara Winslow sara.winslow@usdoj.gov

Geoffrey W. Rawlings
Law Offices of Geoffrey W. Rawlings
586 North First Street, Suite 101
San Jose, Ca 95112

| | |
|---|---|
| **Dated: August 15, 2006** | Richard W. Wieking, Clerk |
| | By: **/s/ JW Chambers** |
| | **Courtroom Deputy** |